IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE HILLEY | : | |
| | : | 24-cv-665-JMY |
| vs. | : | |
| | : | |
| TJX COMPANIES, INC., et al. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                              **April 30, 2024**

Currently before the Court is a Motion to Remand to State Court filed by the Plaintiff (ECF No. 12), and a Motion to Strike Additional Defendants filed by Defendants. (ECF No. 13.) The Court finds these matters are appropriate for disposition without oral argument. See Fed. R. Civ. P. 78, L.R 7.1(f). For the reasons set forth below, Plaintiff's motion to remand will be granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND:**

This lawsuit arises from a trip/slip and fall accident that occurred inside a Marshalls' retail location at 400 S. State Road, Springfield, PA 19064 (hereinafter "the Premises"). (Am. Compl. ¶1, ECF No. 10.) On March 1, 2022, Plaintiff was a business invitee on the premises walking through the store. (*Id.* ¶45.) As Plaintiff was walking through the furniture section, he tripped over a riser left on the floor that had been used as part of a sales display. (*Id.* ¶46.) As Plaintiff tried to regain his balance, he alleges that the riser slipped away causing Plaintiff to fall and land on his left arm, resulting in injuries. (*Id.* ¶47.) Plaintiff alleges the riser was similar in color to the floor of the store, making it difficult to see. (*Id.* ¶48.)

Plaintiff filed his Complaint in the Court of Common Pleas of Philadelphia County on January 15, 2024. (Notice of Removal, Ex. A, ECF No. 1 (copy of state court docket).) Defendants' notice of removal was filed on February 14, 2024. (*Id.*) On March 8, 2024,

Plaintiff filed a timely Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)1(B) within 20 days after Defendants filed their Answer on February 26, 2024. (Am. Compl.)

In the Amended Complaint, Plaintiff alleges he is and was a resident of the Commonwealth of Pennsylvania.  (*Id.* ¶1.)  In his original Complaint, Plaintiff identified several Defendants as John Doe #1 through #3 as permitted by the Pennsylvania Rules of Civil Procedure.[1]  (Complaint ¶¶16, 17, Notice of Removal Ex. B, ECF No. 1.)  In the Amended Complaint, Plaintiff now identifies Defendant Jean Marie Crouse as the person who was previously identified as John Doe #1.  (Am. Compl. ¶¶9, 35.)  Plaintiff alleges that Defendant Crouse was the district manager during the relevant time with responsibility over the Springfield, Pennsylvania Marshalls store where the accident occurred.  (*Id.* ¶¶31, 34-35.)  Plaintiff also identifies Kim Soby as the individual previously identified as John Doe #2.  (*Id.* ¶23.)  Plaintiff alleges that Defendant Soby is the individual who instructed store employees to place the riser display that caused this accident on the floor of the premises and/or allowed it to remain on that floor.  (*Id.* ¶26.)  Plaintiff further identifies Defendant Soby as the individual who was previously identified in the Complaint as John Doe #3, and he alleges that Defendant Soby was responsible for safety protocols at the Premises when the accident occurred.  (*Id.* ¶¶22-23.)  In both the original Complaint and the Amended Complaint, Steven Livingston is identified as the manager of the store where the accident occurred.  (Compl. ¶¶12-14; Am. Compl. ¶¶15-17.)

It would appear that Defendants Crouse, Soby and Livingston are citizens of the Commonwealth of Pennsylvania – the state in which Plaintiff originally commenced this action,

---

[1] The Pennsylvania Rules of Civil Procedure permit the use of Doe designations in the caption and body of the complaint to serve as a placeholder for yet to be identified parties. (Pennsylvania Rule of Civil Procedure 2005.)

and the state in which Plaintiff is domiciled.  (Motion to Strike Additional Defendant page 3-4, ECF No. 13-1; Opposition to Motion to Remand page 3-4, ECF No. 16.)  The presence of these Defendants destroys federal subject matter jurisdiction based on diversity of citizenship which means that the Court should relinquish jurisdiction and remand this lawsuit to state court; therefore, Plaintiff has filed a motion to remand this matter to state court.  (Motion to Remand to State Court.)

Defendants filed an opposition to the motion to remand in conjunction with a motion to strike Defendants Crouse and Soby from the Amended Compliant.  (Motion to Strike Additional Defendant page 3-4; Opposition to Motion to Remand page 3-4.)  Defendants cite to Federal Rule of Civil Procedure 21 and argue that the two recently named Defendants – Crouse and Soby – should be considered dispensable Parties and dismissed from the lawsuit.  (Opp. Brief page 7.)  Federal Rule of Civil Procedure 21 grants district courts and circuit courts of appeal a "well established" power to dismiss dispensable parties to preserve diversity jurisdiction.  *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 381 n.6 (3d Cir. 2004) ("moreover, it is well established that courts…have the power under Fed. R. Civ. P. 21 to dismiss dispensable parties to a lawsuit in order to preserve diversity").  Defendants also cite to the doctrine of fraudulent joinder and argue that Defendant Livingston is not a proper party to this lawsuit, because Defendant Livingston was not the manager of the store where the accident occurred.  (Notice of Removal ¶14, 27, ECF No. 1; Opposition to Motion to Remand page 13-14.)  Defendants argue that Defendant Livingston should be dismissed from this lawsuit, or that his citizenship should be disregarded in the analysis of the Court's subject matter jurisdiction. (*Id.*)

## II. LEGAL STANDARD:

Defendants, TJX Companies, Inc., Marmaxx Operating Corp., and Steven Livingston removed this action from state court to federal district court. Defendants may remove a civil case from state court if the federal court has subject matter jurisdiction over the matter. 28 U.S.C. § 1446(a). As the Party asserting the federal court's jurisdiction, the defendant who removed this action from state court "bears the burden of proving that jurisdiction exists." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exist[s]." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019).

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000. 28 U.S.C. § 1332(a). The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *The Fred, LLC v. Capstone Turbine Corp.*, No. 2020-0029, 2021 U.S. Dist. LEXIS 50219, at *3 (D.V.I. Mar. 17, 2021). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021).

**II. A.  Analysis Under 28 U.S.C. § 1447(e):**

When a plaintiff seeks to add a nondiverse party to a lawsuit after its removal to federal court, federal district courts will frequently apply the factors set forth by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. Dec. 17, 1987).  When considering a motion to amend or an amended complaint to add a party that will destroy diversity jurisdiction, the court is tasked under *Hensgens* with weighing: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities."  *Paul v. Hess Corp.*, 2021 U.S. Dist. LEXIS 99070, at *15 (D.V.I. May 25, 2021) (citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 752-53 (D.N.J. 2007), *report and recommendation adopted*, 539 F. Supp. 2d 742 (D.N.J. 2008)).  The *Hensgens* factors are used to determine whether a court, in exercising its discretion under Section 1447(e), should (1) permit the addition of the nondiverse party and remand, or (2) reject the amendment and retain jurisdiction.  *Gumberg Assoc.-Chapel Square v. Keybank Nat'l Ass'n*, No. 20-1661, 2021 U.S. Dist. LEXIS 25240, at *10 (W.D. Pa. Feb. 10, 2021)).  District courts have substantial discretion in deciding whether to permit joinder of a nondiverse defendant.  *Taylor v. GGNSC Philadelphia, LP*, No. 14-7100, 2015 U.S. Dist. LEXIS 127255, at *12 (E.D. Pa. Sept. 23, 2015).

**II. B.  Fraudulent Joinder Analysis:**

When considering the removal of actions that include nondiverse defendant(s) at the time of removal, the propriety of including the nondiverse defendant(s) is evaluated under the fraudulent joinder doctrine.  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *McDermott v. CareAllies, Inc.,* 503 F Supp. 3d 225, 233 (D.N.J. November 30, 2020).  Joinder of a nondiverse

5

defendant(s) is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant(s) or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *In re Briscoe*, 448 F.3d at 216 (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 32 (3d Cir. 1985). Under this doctrine, the fact that a defendant is included in an action for the purpose of defeating diversity jurisdiction does not constitute fraudulent joinder. *Ahearn v. BJ's Wholesale Club, Inc.*, No. 19-3012, 2020 U.S. Dist. LEXIS 47320, *14 (E.D. Pa. Mar. 18, 2020); see also *Abels*, 770 F.2d at 32 ("The fact that the plaintiffs' motive for joining a [nondiverse] defendant is to defeat diversity is not considered indicative of fraudulent joinder."); *Glastein v. CareFirst Blue Cross Blue Shield*, No. 18-9664-BRM-DEA, 2019 U.S. Dist. LEXIS 52746, *5 (D.N.J. Mar. 28, 2019). The removing party carries a "heavy burden of persuasion" to establish fraudulent joinder. *Abels*, 770 F.2d at 32.

### III. DISCUSSION:

Plaintiff filed his Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a). Plaintiff highlights the fact that both Defendants Crouse and Soby were identified as John Doe Defendants in the original Complaint, and that Defendant Livingston was a named Defendant since inception of this case. Therefore, Plaintiff argues that the situation should be evaluated by application of the fraudulent joinder doctrine. Defendants, on the other hand, appear to argue that the Court should apply the *Hensgens* analysis under 28 U.S.C. § 1447(e) to the identification of Defendants Crouse and Soby in the Amended Complaint. *Paul v. Hess Corp., et al.*, No. 2020-cv-102, 2021 U.S. Dist. LEXIS 99070, (D.V.I. May 25, 2021) (explaining the interplay between Fed. R. Civ. P. 15(a) and Section 1447(e) when evaluating diversity subject matter jurisdiction in lawsuits that have been removed to federal court.).

The dispute between the Parties as to whether the Court should apply the *Hensgens* factors or conduct a fraudulent joinder analysis under Fed. R. Civ. P. 15 is more of a hypothetical debate than a real issue that requires judicial attention under the facts and circumstances of this case.  As will be explained in more detail below, the Court reaches the same result after applying either the *Hensgens* factors or the fraudulent joinder analysis.  Weighing the facts and arguments presented by all Parties and the unique circumstances of this case, the Court concludes that this matter should be remanded to the Philadelphia Court of Common Pleas.

**A.      Application of the Four *Hensgens* Factors Demonstrates that the Court Lacks Subject Matter Jurisdiction:**

**A.1.    Plaintiff Did Not Manifest a Purposefully Intent to Destroy Federal Diversity Jurisdiction When Filing the Amended Complaint:**

A review of the pleadings demonstrates that Plaintiff did not file an Amended Complaint naming Defendants Crouse or Soby simply to destroy diversity jurisdiction after Defendants removed this action to federal court.  Plaintiff displayed his intent to pursue an action against the Defendants Crouse and Soby prior to the point in time that Defendants removed this litigation to federal court.  Plaintiff described Defendants' liability producing conduct in the original Complaint and referred to Defendants as John Doe #1 through #3.  Plaintiff argues that Defendants were not named as new Parties to this action because they were described in the Complaint to the best of Plaintiff's ability without the benefits of conducting discovery. Plaintiff's argument is especially persuasive because he identified the store manager Steven Livingston as a Defendant in the original Complaint which illustrates an intent to sue the store manager – regardless of any argument that Defendant Livingston was not the store manager during the relevant period.

**A.2.    The Second Factor is Neutral Under *Hensgens* Balancing Test:**

There is nothing to suggest that Plaintiff was dilatory in moving to add, join or identify Defendants Course or Soby.  Dilatory conduct under the *Hensgens* analysis includes the length and nature of the delay in moving to amend or remand.  *Parker v. Amazon Logistics, Inc.*, No. 23-1760, 2023 U.S. Dist. LEXIS 107798, at *16 (E.D. Pa. 2023); *Parson v. Home Depot USA, Inc.*, No. 13-4817, 2013 U.S. Dist. LEXIS 175185, at *8 (D.N.J. 2013) (finding the plaintiff's conduct to be dilatory where he moved to amend thirty days after the case was removed).

This lawsuit was removed to federal court on February 14, 2024.  On March 8, 2024, Plaintiff filed a timely Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a)1(B) within 20 days after Defendants filed their Answer on February 26, 2024.  Plaintiff's Amended Complaint was filed twenty-three days after the case was removed to federal court.  Defendant Livingston was named in the original Complaint filed in Philadelphia County prior to removal. Plaintiff filed his Motion to Remand to State Court on March 14, 2024.

**A.3.    Plaintiff Has Demonstrated that He Will Suffer Prejudice if Defendants Crouse and Soby are Dismissed at the Initial Pleading Stage:**

The Court is not willing to disregard Plaintiff's claim that he will suffer prejudice if Defendants are dismissed from the case.  This action was recently filed, and Plaintiff's Amended Complaint was filed on March 8, 2024.  This action is in the initial pleading stages with discovery yet to commence.  Plaintiff argues that naming individual Defendants directly will enhance his ability to obtain verified answers to interrogatories and requests for production of documents directly from individuals with firsthand knowledge about how the accident transpired. Plaintiff further argues that named individual Defendants will be more cooperative in attending and participating in depositions if they remain in the litigation.  The Court is not prepared to disregard Plaintiff's argument of purported prejudice.  The Court further notes that if Defendants

Crouse and Soby were dismissed from this case, Plaintiff would be required to file a separate lawsuit in state court to proceed against the dismissed Defendants. Under these circumstances, Plaintiff would suffer prejudice based on the burden and added expense of filing two separate parallel lawsuits arising from the same accident in different jurisdictions which could also result in contradictory court rulings. The scenario of parallel litigation would also be burdensome for the court system and wasteful of judicial resources.

**A.4.     The Court Will Omit Analysis of *Hensgens* Factors Bearing on Equity:**

The Court will dispense with further analysis of equity under the *Hensgens* test given its evaluation and conclusions reached on the first three *Hensgens* factors. Under the *Hensgens* test, "[e]quitable factors considered by courts in this District include the efficient use of judicial resources, the effect remand will have on the defendant, and the expertise of the court relative to the applicable law." *Hennix v. Belfor USA Grp., Inc.*, No. 22-1473, 2022 U.S. Dist. LEXIS 152768, at *24 (E.D. Pa. 2022). Where there are no other factors bearing on the equities, it is within a court's discretion to omit these considerations under the *Hensgens* balancing test. *Avenatti v. Fox News Network, LLC*, 41 F.4th 125, 136 n.4. (3d Cir. July 21, 2022).

**B.     Evaluation of Fraudulent Joinder Analysis:**

There is nothing to suggest that Defendants Crouse, Soby or Livingston were fraudulently joined in this litigation. Plaintiff alleges that named Defendants were directly involved in the accident. Plaintiff alleges that Defendants were either in charge of the store at the time of the accident or were involved with placing the riser display that he tripped over. Plaintiff alleges that Defendant Soby instructed store employees on how to arrange the riser display and was in charge of safety. Plaintiff further alleges that the acting store manager at the time of the accident was either Defendant Crouse or Livingston, who are both Pennsylvania

9

residents.  Therefore, any final determination as to whether the store manager was in fact Crouse or Livingston is irrelevant in deciding diversity of citizenship on motion to remand.

Defendants further claim that the statute of limitation bars claims against Defendants Crouse and Soby.  Upon remand, the state court will be in a position to substantively address the statute of limitations defense, the rights of the Parties, and the question of whether Plaintiff exercised due diligence in identifying the named Defendants.

## IV.  CONCLUSION:

For these reasons, the motion to remand filed by the Plaintiff will be granted.  An appropriate order will follow.

BY THE COURT:

  /s/ John Milton Younge    
Judge John Milton Younge